COURT OF APPEALS OF VIRGINIA

Present:  Chief Judge Fitzpatrick, Judges Annunziata and
      Bumgardner
Argued at Alexandria, Virginia


ANTONIO D. MARTINEZ
                                    MEMORANDUM OPINION[*] BY
v.   Record No. 0687-97-4      JUDGE RUDOLPH BUMGARDNER, III
                                       APRIL 28, 1998
COMMONWEALTH OF VIRGINIA


            FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
                   Jane Marum Roush, Judge

          Cynthia A. Bailey (Rachel A. Daum; Peter D.
          Greenspun & Associates, P.C., on brief), for
          appellant.

          Eugene Murphy, Assistant Attorney General
          (Richard Cullen, Attorney General, on brief),
          for appellee.


     Antonio D. Martinez was charged and convicted of driving

after having been declared an habitual offender.  He contends

that the Commonwealth failed to prove that he had actual

knowledge of his status.  We find that the Commonwealth proved

knowledge, and affirm his conviction.

     On June 16, 1996, the defendant was stopped for speeding 89

miles per hour in a 55 mile per hour zone.  He gave a false name,

several different birth dates, and a partial address.  He had

neither an operator's license nor any other identification.

Martinez was arrested for driving under the influence of alcohol.

     At his trial, the defendant testified that he did not know

_____

     [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

at the time of his arrest that he had been declared an habitual offender. Martinez said that he had not been in court when he was declared an habitual offender and had never received any correspondence from his attorney or from the court advising that the adjudication was final.

An attorney represented the defendant at all times during the habitual offender adjudication proceedings. His attorney had requested and received several continuances to await a decision in an appellate case that might be favorable to the defendant. The defendant did not appear in court after the appellate decision was rendered unfavorably to his position. He last appeared in defense counsel's office on November 23, 1994. Counsel last wrote the defendant December 30, 1994, informing him of the continuance to February 10, 1995. The defendant testified that he had moved from this address in December 1994, but his brother still lived there. His brother gave him all mail that was sent to the defendant at that address.

Defense counsel was present at the adjudication hearing February 10, 1995. Two weeks later the final order was tendered for entry. Defense counsel drafted and endorsed the order. To the draft order the trial judge appended a note that the defendant's driver's license had been surrendered and added a direction for the clerk to dispose of it. On February 27, 1995, a deputy clerk mailed, by first class mail, a copy of the final order to Martinez at 7224 Commerce St., T-2, Springfield, Virginia, 22150. The attorney noted an appeal but later withdrew

it.

The trial court found that the defendant had actual knowledge of his adjudication and that under Code § 46.2-355, mailing the order to the last address the defendant had given the court and counsel was sufficient notice. While not finding his testimony particularly credible, the trial judge found that even if the defendant had moved, his brother still lived there and the defendant still received any mail that arrived for him there.

The trial court's factual findings will be upheld if there is evidence to support them. When considering the sufficiency of the evidence on appeal, the evidence must be viewed in a light most favorable to the Commonwealth, granting it all reasonable inferences fairly deducible from it. See Higginbotham v. Commonwealth, 216 Va. 349, 352, 218 S.E.2d 534, 537 (1975). We may not disturb the trial court's judgment unless it was "plainly wrong or without evidence to support it." Code § 8.01-680; Stockton v. Commonwealth, 227 Va. 124, 145, 314 S.E.2d 371, 385, cert. denied, 469 U.S. 873 (1984).

Martinez knew from his attorney what would happen if the court declared him an habitual offender. He knew of the continuances requested to give him every opportunity to avoid that adjudication. The defendant was in contact with his attorney while the appellate court was deciding the case that would bring his case on for final hearing. He still received his mail even if he had moved, and the clerk sent the letter to that address. His license was surrendered to the court by counsel on

- 3 -

the date that the trial court entered the adjudication order. When arrested the defendant tried to run from the police, he had no operator's license, and he lied about his name and age.

All of the circumstances lead to the conclusion made by the trial court, that the defendant knew of his habitual offender status.  Finding the evidence supports the finding of guilt proven beyond a reasonable doubt, we affirm.

<u>Affirmed.</u>